# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ALAN MICHEL**                                          **CIVIL ACTION**

**VERSUS**                                               **NO. 85-3370**

**N. BURL CAIN**                                         **SECTION: "G" (5)**

## ORDER AND REASONS

Before the Court is Petitioner Alan Michel's ("Michel") Motion for Relief from Judgment,[1] wherein Michel asks this Court to reopen his case, appoint counsel, set a date and time for the state to appear and show cause why his *habeas corpus* motion should not be granted, and grant Michel leave to amend or supplement his *habeas corpus* petition. After considering the motion, the opposition, the record, and the applicable law, the Court will deny the pending motion.

## I. Background

### A. Factual Background

On September 16, 1981, Michel was convicted of the second degree murder of Ernest Perry ("Perry") after trial in the Twenty-Second Judicial District Court for the Parish of St. Tammany, State of Louisiana.[2] Michel was sentenced to life imprisonment, without the benefit of parole, probation, or suspension of sentence.[3] Michel's conviction and sentence were affirmed on direct

---

[1] Rec. Doc. 15. Michel has filed an identical motion in *Michel v. La. Dept. Corrections, et al.*, Civil Action No. 91-2426, Rec. Doc. 10.

[2] Rec. Doc. 15-2 at p. 1.

[3] *Id.* at pp. 1-2.

1

appeal in Louisiana state courts.[4]

### B. Procedural Background

On August 2, 1985, Michel filed a *habeas* petition ("Petition I") pursuant to 28 U.S.C. § 2254 in this Eastern District of Louisiana ("1985 Action"). In that petition, Michel set forth three grounds for relief: (1) "Petitioner was denied his due process rights, in that the State was allowed to mention inculpatory statements in violation of Article 767 of the Louisiana Code of Criminal Procedure;" (2) "Petitioner's Fourth Amendment Rights were violated in that the Trial Court allowed a .25 caliber slug admitted into evidence that should have been suppressed;" and (3) "Petitioner was denied his Due Process rights in that the Court refused to grant a mistrial due to the prosecutor's improper closing argument."[5] The federal district court dismissed this first *habeas* petition with prejudice, and Michel appealed; however, the Fifth Circuit dismissed the appeal for want of prosecution.[6]

Thereafter, Michel returned to the convicting state court seeking postconviction relief and a new trial. The Louisiana Supreme Court ordered that the state trial court hold an evidentiary hearing on the merits of Michel's claims. Thereafter, the trial court denied relief. Michel filed a second writ application to the Louisiana Supreme Court, which was denied on May 18, 1989.[7] Michel then filed a second request for postconviction relief in the state trial court, which the trial court again denied.

---

[4] *Id.* at p. 2 (citing *State v. Michel*, 422 So.2d 1115 (La. 1981)).

[5] *Id.* at p. 2.

[6] *Id.* (citing *Michel v. Blackburn*, No. 85-3773 (5th Cir. June 4, 1986) (unpublished order)).

[7] *Id.* at pp. 2-3.

As Michel had exhausted all state court remedies, he returned to the Eastern District of Louisiana in 1991, seeking relief under 28 U.S.C. § 2254(b) ("1991 Action").[8] In that petition ("Petition II"), Michel's three stated grounds for relief were: (1) "the Trial Court erred in refusing to grant the defendant a new trial based upon the failure of the State to reveal the full extent of the plea bargain entered into between the State and its two star witnesses;" (2) "The Trial Court erred in refusing to grant a new trial based upon the State's failure to turn over to defense counsel all significantly exculpatory evidence in its possession prior to the beginning of the new trial;" and (3) "Whether defense counsel's failure to file a Motion for Pretrial Discovery, Motion to Suppress Photographic Lineup Identification and failure to spend adequate time with defendant in preparing an adequate defense in this matter, constituted ineffective assistance of counsel."[9]

Because the proceeding was a repeated attempt at securing federal *habeas corpus* relief, Michel was called on to explain why his Petition II should not be dismissed under Rule 9(b), Rules Governing Section 2254 Cases in the United States District Courts, which allows a judge to dismiss a second or successive petition if it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of petitioner to assert those grounds in the prior petition constituted an abuse of the writ.[10] The court acknowledged that if a successive petition raises new claims that were omitted from the

---

[8] *Id.* at p. 3. Title 28, United States Code, Section 2254(b) states that: An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B)(I) there is an absence of available State corrective process; or
    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

[9] Rec. Doc. 15-2 at p. 3.

[10] *Id.* at pp. 3-4, n.1.

first claim, a court may only consider those claims if there was "cause" for having failed to raise the claim in the prior proceeding.[11] Despite this possible procedural defect, the court stated that "[e]ven if the Court were to review Michel's second petition, it would nevertheless deny relief," and specifically addressed Michel's ineffective assistance of counsel claim.[12] The court denied Michel's writ and dismissed it with prejudice.[13]

On November 11, 2012, Michel filed the pending motion.[14] On December 14, 2012, the Court set the motion for submission and ordered any opposition to be filed in accordance with this Court's local rules.[15] On January 8, 2013, the State of Louisiana filed an opposition.[16] On January 22, 2013, Michel, with leave of court, filed a reply.[17]

## II. Parties' Arguments

Michel seeks relief from the prior judgment based on the holdings in *Martinez v. Ryan*[18] and *Lindsey v. Cain*.[19] Michel explains that in Petition I, he did not raise ineffective assistance of counsel and the petition was dismissed with prejudice. He further avers that Petition II did raise ineffective assistance of counsel, but was dismissed with prejudice on procedural grounds for abuse of the

---

[11] *Id.* at p. 4 (citing *McCleskey v. Zant*, 111 S.Ct. 1454, 1470 (1991)).

[12] *Id.* at p. 8.

[13] *Id.* at p. 9.

[14] Rec. Doc. 15.

[15] Rec. Doc. 19.

[16] Rec. Doc. 21.

[17] *Id.* at p. 24.

[18] 132 S.Ct. 1301 (2012).

[19] 470 F. App'x 777 (5th. Cir. 2012).

writ.[20] Michel prays for relief pursuant to Rule 60(b) claiming that it would remedy a "fundamental miscarriage of justice."[21]

Michel argues that he "has never received a proper merit reading of the constitutionality of his conviction in federal court."[22] Michel further contends that under Fifth Circuit precedent, Rule 60(b) is intended to specifically address situations where the merits of a case have not been considered."[23] Michel contends that under controlling precedent, he is entitled to this review because he was not appointed counsel at the initial collateral proceeding. when he submitted Petition I.[24]

Michel contends that under Rule 60(b), this Court should vacate the earlier judgment dismissing Petition II, because allowing the judgment to stand would constitute "manifest injustice upon Michel and the American Judicial System."[25] Michel avers that initially the case against him was weak, and on two occasions the Grand Jury entered a "No Bill." At that time, no physical evidence linked Michel to the crime. However, on February 17, 1981 "David Habert (a life long associate of Michel) and his wife Kim, was [sic] arrested in Covington[,] Louisiana for passing forged prescriptions and possession of marijuana."[26] While in jail, Habert requested to speak to the main detective in Michel's case, and claimed that Michel admitted that he killed Perry.[27]

---

[20] Rec. Doc. 15.

[21] *Id.* at p. 2.

[22] *Id.*

[23] *Id.* (citing *Fackelman v. Byron*, 436 F.2d 734, 735 (5th Cir. 1977)).

[24] *Id.* at p. 3.

[25] *Id.* at p. 4.

[26] *Id.* at p. 6.

[27] *Id.*

Michel further explains that on March 17, 1981, a "life long friend of Michel," Daeryl Treadway, was arrested in Washington Parish, Louisiana for attempted first degree murder and simple burglary.[28] Treadway also spoke with the detective, and claimed that he loaned Michel a .25 caliber pistol and that later Michel admitted to him that he killed Perry.[29] With the testimonies of these two men, the Grand Jury indicted Michel, and he was eventually convicted at trial.

Michel argues that if he is allowed to amend or supplement his petition, he can demonstrate the deficient performance of his appointed attorney at trial.[30] Michel claims that he has evidence that his appointed attorney did nothing to prepare for the trial, and that the first discovery was only "provoked by prosecutor."[31] Michel also contends that when Perry was found at the scene of the crime, human hair was found clenched in his fist; Michel argues that this hair did not match his, but that this evidence was not presented at trial.[32]

Further, Michel avers that Treadway's testimony was critical to the State's case. At trial, Treadway's "bad character of being an ex-con" and history as a "dope fiend" were discussed; further, Treadway admitted that his parole would not be violated for being a felon in possession of a firearm. However, Treadway testified that no deal or offers had been made for the attempted first degree murder charge from Washington Parish, and in his closing statements the prosecutor claimed he

---

[28] *Id.* at pp. 6-7.

[29] *Id.* at p. 7.

[30] *Id.*

[31] *Id.*

[32] *Id.* at p. 8.

would prosecute Treadway to the fullest extent of the law for that crime.[33] Yet, Michel claims that the charge against Treadway's was dismissed on August 3, 1981, forty-one days prior to Michel's trial. Michel claims that the state court evidentiary judge found that Michel's defense attorney had documentation of this inconsistency, but failed to use it to impeach Treadway's credibility or challenge the veracity of the State's closing remarks. Based upon these alleged facts, Michel asks that this Court (1) reopen or vacate the "appropriate judgment;" (2) appoint counsel; (3) set a date and time for the State to appear and show cause why this motion should not be granted; and (4) grant leave to amend and/or supplement Michel's *habeas corpus* petition.[34]

In opposition to the pending motion, the State of Louisiana ("the State") refutes Michel's contention that Petition II was dismissed on procedural grounds for abuse of the writ.[35] The State claims that "because the second action raised new grounds for relief, the Court determined that petitioner had to demonstrate cause for having failed to raise the claims in the prior habeas proceeding and actual prejudice resulting from the errors at issue. While the Court found that petitioner had not met that burden, the Court further opined on the merits of the claims, finding the grounds asserted to be without merit."[36]

The State explains that while Rule 60(b) motions are sometimes treated as successive *habeas* petitions, when a motion is seeking relief from a judgment and attacks only a defect in the integrity of the federal *habeas* proceedings, and does not raise a new ground for relief or attack the district

---

[33] *Id.*

[34] *Id.* at p. 9.

[35] Rec. Doc. 21 at p. 2.

[36] *Id.* (citing Order and Reasons, Rec. Doc. 15-2 at pp. 8-9).

court's resolution of a claim on the merits, it is not treated as a successive petition.[37] Conversely, when a motion seeks relief from a district court's judgment on the merits, it is successive, and may only be filed with permission from the circuit court. The State claims that the pending motion should be regarded as a successive petition, "because it does not attack only a defect in the integrity of the federal habeas proceeding, but attacks the federal court's ruling on the [merits of the] habeas petition."[38] As such, the State argues that Michel had to receive permission from the Fifth Circuit before filing this successive petition, and since no authorization was given, the action should be dismissed.[39]

Moreover, the State contends that all motions made pursuant to Rule 60 must be made within a reasonable time. The State argues that this action is untimely, because judgment in this action was rendered more than twenty-five years ago, and more than twenty years ago in the 1991 Action.[40] Further, the State claims that the new jurisprudence Michel cites in support of his argument – that a dismissal on procedural grounds should be reconsidered – is irrelevant, because the court dismissed Petition II on the merits.[41] Finally, the State notes that even if this Court were to consider the petition on its merits, the Fifth Circuit has set a high bar for what a party must demonstrate in order to receive relief under Rule 60.[42] A petitioner is required to "make a sufficient showing of

---

[37] *Id.* at p. 3 (citing *Gonzalez v. Crosby*, 545 U.S. 524, 530-32 (2005)).

[38] *Id.*

[39] *Id.* (citing 28 U.S.C. § 2244).

[40] *Id.* at p. 4.

[41] *Id.*

[42] *Id.* at pp. 4-5.

unusual or unique circumstances justifying relief."[43]

In reply, Michel argues that "[t]he 1985 [Action] is the sole subject matter in the 60B motion according to *Martinez v. Ryan*, 132 S.Ct. 1[3]01 (2012) as it addressed the initial collateral proceeding."[44] Michel further argues that his motion is not successive because he does not "challenge the constitutionality of his conviction," but "only presents a substantial prima facial [sic] showing of facts that if incerted [sic] in a constitutional and jurisprudencial [sic] setting should warrant relief as *Martinez* demanded."[45]

Michel also refutes the State's argument that his motion is untimely. He explains that *Martinez* was ruled upon on March 20, 2012, and "prior to *Martinez* Michel had no standing on ineffective assistance of counsel on his initial collateral proceeding."[46] Michel maintains that he filed the pending motion as soon as he was aware of the ruling in *Martinez*. Finally, Michel notes that the United States Supreme Court has ruled that vacating a twelve year old judgment under Rule 60(b) "accomplished justice."[47]

---

[43] *Id.* at p. 5 (citing *Williamson v. City of Morgan City*, 428 F. App'x 356 (5th Cir. 2011)).

[44] Rec. Doc. 24 at p. 1.

[45] *Id.*

[46] *Id.* at pp. 1-2.

[47] *Id.* at p. 2 (citing *Agostini v. Felton*, 117 S.Ct. 997 (1997)).

### III. Law and Analysis

*A. Martinez v. Ryan*

Michel claims an entitlement to relief based upon relatively new jurisprudence from the United States Supreme Court in *Martinez v. Ryan*.[48] Martinez was convicted by a jury of sexual conduct with a minor under the age of 15 in an Arizona state court.[49] On direct appeal, Martinez was appointed a new attorney to represent him.[50] However, under Arizona law, it was impermissible to argue that trial counsel was ineffective on direct appeal. Instead, ineffective assistance of counsel claims were reserved for collateral proceedings.[51] While Martinez's direct appeal was pending, his attorney also initiated a state collateral proceeding, but made no claim for ineffective assistance of counsel. In fact, counsel later filed a statement asserting that she could find no colorable claims at all.

The state trial court hearing Martinez's collateral appeal gave him 45 days to file a *pro se* petition in support of postconviction relief, in order to raise any claims he believed his counsel overlooked.[52] Martinez did not file a brief, but later claimed that his counsel did not inform him of the collateral proceeding or his need to file a *pro se* brief.[53] The state court dismissed Martinez's

---

[48] 132 S.Ct. 1309 (2012).

[49] *Id.* at 1313.

[50] *Id.* at 1314.

[51] *Id.*

[52] *Id.*

[53] *Id.*

request for postconviction relief, and the decision was affirmed on appeal in the state courts.[54]

A year later, with new counsel, Martinez filed another notice for postconviction relief in state court, claiming that his trial counsel was ineffective for failing to challenge the prosecution's evidence.[55] The petition was dismissed, in part because of an Arizona rule barring relief for a claim that could have been raised in a previous collateral proceeding. The determination was affirmed on appeal by the state courts.

Eventually, Martinez sought relief in federal district court, where he filed a writ of *habeas corpus*, again raising ineffective assistance of trial counsel claims; however, he acknowledged that his state collateral proceeding had been dismissed on a well-established Arizona procedural rule, which under the doctrine of procedural default, would prohibit the federal court from reaching the merits of the claim.[56] However, Martinez argued that he could overcome this hurdle "because he had cause for the default: His first postconviction counsel was ineffective in failing to raise any claims in the first notice of postconviction relief and in failing to notify Martinez of her actions."[57] The district court denied the writ, reasoning that well-established law held that an attorney's errors in a postconviction proceeding do not qualify as a cause for a procedural default. The Ninth Circuit affirmed, adding that absent a right to counsel in a collateral proceeding, an attorney's errors in the proceeding do not establish cause for a procedural default.

On appeal before the Supreme Court, it was acknowledged that prior Supreme Court

---

[54] *Id.*

[55] *Id.*

[56] *Id.*

[57] *Id.* at 1314-15.

precedent left open the possibility that there may be an exception to the rule that a person does not have a constitutional right to counsel in collateral proceedings when state collateral review is the first place a prisoner could present a particular challenge to his conviction.[58] In *Martinez*, the Supreme Court framed the precise question before it as "whether ineffective assistance in an initial-review collateral proceeding on a claim of ineffective assistance at trial may provide cause for a procedural default in a federal habeas proceeding."[59] The Supreme Court noted:

> Where, as here, the initial-review collateral proceeding is the first designated proceeding for a prisoner to raise a claim of ineffective assistance at trial, the collateral proceeding is in many ways the equivalent of a prisoner's direct appeal as to the ineffective-assistance claim. This is because the state habeas court "looks to the merits of the clai[m]" of ineffective assistance, no other court has addressed the claim, and "defendants pursuing first-tier review ... are generally ill equipped to represent themselves" because they do not have a brief from counsel or an opinion of the court addressing their claim of error.[60]

Therefore, the Supreme Court held that, "[w]hen the issue cannot be raised on direct review [], a prisoner asserting an ineffective-assistance-of-trial-counsel claim in an initial-review collateral proceeding cannot rely on a court opinion or the prior work of an attorney addressing that claim. To present a claim of ineffective assistance at trial in accordance with the State's procedures, then, a prisoner likely needs an effective attorney."[61] At the end of the Supreme Court's majority opinion, it succinctly characterized the extent of its holding:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a

---

[58] *Id.* at 1315 (citing *Coleman v. Thompson*, 501 U.S. 722 (1991)).

[59] *Id.*

[60] *Id.* at 1317 (quoting *Halbert v. Michigan*, 545 U.S. 506, 617 (2005)) (alterations in original).

[61] *Id.* (internal citations omitted).

federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.[62]

*B. Analysis*

Here, in Michel's third federal *habeas* petition, Michel claims that "[t]he 1985 [Action] is the sole subject matter in the 60B motion according to *Martinez*[] as it addressed the initial collateral proceeding."[63] To the contrary, this Court finds that *Martinez* is distinguishable from this matter, as Michel's ineffective assistance of counsel claim was not barred on procedural grounds in the 1985 Action, but rather received a determination on the merits rejecting the claim. Therefore, *Martinez* does not entitle Michel to the relief he seeks here.

### 1. Was Michel Prevented From Asserting His Ineffective Assistance of Trial Counsel Claim on Direct Appeal so as to Implicate the Exception Recognized in *Martinez*?

While Louisiana courts have instructed that the issue of ineffective assistance of counsel may be better addressed on a motion for postconviction relief rather than direct appeal, Louisiana courts have expressly indicated that the issue is not necessarily foreclosed from consideration on direct appeal:

> The issue of ineffective assistance of counsel is more properly raised in a motion for post-conviction relief rather than by direct appeal. The reason for this process is to allow for a full evidentiary hearing on the allegations of ineffective assistance. *State v. O'Neal*, 501 So.2d 920 (La.App. 2d Cir.), writ denied, 505 So.2d 1139 (La.1987); *State v. Barnes*, 365 So.2d 1282 (La.1978). ***However, if the record fully discloses the evidence necessary to decide the issue, it may be considered on direct appeal in the interest of judicial economy.*** *State v. Ratcliff*, 416 So.2d 528 (La.1982).[64]

---

[62] *Id.* at 1320.

[63] Rec. Doc. 24 at p. 1.

[64] *State v. Willars*, 27,394 (La. App. 2 Cir. 9/27/95); 661 So. 2d 673, 680 (emphasis added).

13

The Louisiana Supreme Court has also endorsed the view that an appellate court can consider an ineffective assistance of counsel claim on direct appeal if the record provides sufficient evidence for the court to decide the issue.[65] For example, in *State v. Ratcliff*, the Louisiana Supreme Court considered an ineffective assistance of counsel claim on direct appeal where the trial judge held an evidentiary hearing on a motion for new trial on the basis of ineffective counsel.[66]

However, while not discussed in depth by Michel or the State, Michel has cited *Lindsey v. Cain*[67] as new jurisprudence entitling him to the relief he now seeks. In *Lindsey*, the Fifth Circuit, relying on *Martinez*, stated that:

> When a state, like Louisiana, requires that a prisoner raise an ineffective assistance of counsel claim on collateral review, a prisoner can demonstrate cause for the default in two circumstances: (1) "where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial" and (2) "where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland* [*v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ]."[68]

The Court notes, however, that because *Lindsey* is an unpublished decision, it is not binding precedent on this Court, but is merely persuasive authority.[69]

Nonetheless, because the state trial court here did not conduct an evidentiary hearing on the

---

[65] *See Ratcliff*, 416 So. 2d at 530.

[66] *Id.* ("Defendant concedes that this Court normally holds that ineffective assistance of counsel is an issue more properly raised by writ of habeas corpus. As we explained in *State v. Barnes*, this allows the 'district judge in a proper case to order a full evidentiary hearing on the matter.' In the case before us, the trial judge held a hearing on the motion for a new trial during the course of which the allegation of ineffective assistance of counsel was explored in detail. Since the record discloses evidence needed to decide the issue of ineffective assistance of counsel and that issue was raised by assignment of error on appeal, in the interest of judicial economy we will address the issue now.") (internal citations omitted).

[67] 476 F. App'x 777 (5th Cir. 2012).

[68] *Id.* at 778 (quoting *Martinez*, 132 S.Ct. at 1318) (alterations in original) .

[69] *See* 5th Cir. R. 28.7, 47.5.3-4.

ineffective assistance of counsel, as the trial court in *Ratcliff* did, there is a possibility that the record on direct appeal was insufficient to allow for consideration of Michel's ineffective assistance of counsel claims at that stage. Therefore, postconviction relief may have been Michel's first opportunity to raise his ineffective assistance of counsel claim.

In addition, intervening authority from the United States Supreme Court, issued after the parties' briefings on this motion, addressed this very ambiguity of whether the exception in *Martinez* extends to state regimes that do not absolutely bar a claim of ineffective assistance of counsel on direct appeal, but only where the state procedure makes it "substantially impossible for appellate counsel to adequately present an ineffective assistance of trial counsel claim on direct review." In *Trevino v. Thaler*,[70] the Supreme Court noted that in *Martinez*, it qualified its holding to apply "where state procedural law said that 'claims of ineffective assistance of trial counsel *must* be raised in an initial-review collateral proceeding.'"[71] In *Trevino*, the Supreme Court addressed whether the exception in *Martinez* to excuse a procedural default applied to a state regime that did not require certain claims to be brought first in a collateral proceeding:

> In this case Texas state law does not say "must." It does not on its face require a defendant initially to raise an ineffective-assistance-of-trial-counsel claim in a state collateral review proceeding. Rather, that law appears at first glance to permit (but not require) the defendant initially to raise a claim of ineffective assistance of trial counsel on direct appeal. The structure and design of the Texas system in actual operation, however, make it "virtually impossible" for an ineffective assistance claim to be presented on direct review. We must now decide whether the *Martinez* exception applies in this procedural regime.[72]

---

[70] No. 11-10189, slip op. (U.S. May 28, 2013).

[71] *Id.* at 2 (emphasis in *Trevino*).

[72] *Id.* (internal citations omitted).

The Supreme Court held that the exception would apply to such a regime.[73]

The Supreme Court reasoned that to not apply the *Martinez* exception to regimes such as the one employed by Texas would create unfairness, because "Texas courts in effect have directed defendants to raise claims of ineffective assistance of counsel on collateral, rather than direct, review."[74] Therefore, the Supreme Court held that:

> [W]here, as here, state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on appeal, our holding in *Martinez* applies.[75]

Considering the Louisiana jurisprudence cited above indicting that defendants are encouraged to pursue ineffective assistance of counsel claims on collateral appeal, instead of direct,[76] the Fifth Circuit's unpublished decision in *Lindsey* determining that the holding in *Martinez* would apply to Louisiana's regime,[77] and the Supreme Court's holding in *Trevino,* this Court finds that the *Martinez* exception would apply to defendants subject to Louisiana's regime; therefore, a defendant, like Michel, would have a recognized excuse for failing to raise his ineffective assistance of trial counsel in an initial collateral review proceeding, where he did not receive counsel, and would not be procedurally barred from having this claim considered in a subsequent petition, like Petition II. However, as will be discussed below, Michel's claim nonetheless fails.

---

[73] *Id.*

[74] *Id.* at 11.

[75] *Id.* at 14.

[76] *See Willars*, 661 So. 2d at 680 ("The issue of ineffective assistance of counsel is more properly raised in a motion for post-conviction relief rather than by direct appeal. The reason for this process is to allow for a full evidentiary hearing on the allegations of ineffective assistance.").

[77] 476 F. App'x at 778.

16

**2. Was Michel's Claim of Ineffective Assistance of Counsel Denied on Procedural Grounds in Petition II in the 1991 Action?**

Despite the fact that *Martinez* would provide an excuse for a procedural defect to a party like Michel, this matter is distinguishable from *Martinez* because Michel actually received a determination on the merits of the ineffective assistance of counsel claim that he first alleged in Petition II. While the court discussed potential procedural defects with Petition II, the court still addressed and ruled upon the merits of Michel's ineffective assistance of counsel claim.

Before reaching the merits, the court noted that Michel could have raised his claim of ineffective assistance of counsel in Petition I, but did not.[78] Pursuant to 28 U.S.C. § 2244(b)(2):

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> > (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Michel did not claim that he was unaware of his claims at the time of Petition I, but rather that he did not know the means by which to obtain additional evidence to bolster his claims in the first federal petition.[79] The prior federal court in the 1991 Action stated that Michel had failed to show cause, as it was defined under then-controlling precedent, for omitting these claims from Petition

---

[78] Rec. Doc. 15-2 at p. 2.

[79] *Id.* at p. 6.

I in the 1985 Action.[80]

Despite these potential procedural defects, the prior federal court then proceeded to address the merits of Michel's ineffective assistance of counsel claims contained in Petition II. Regarding Michel's ineffective assistance of counsel claim, the prior federal court stated that it had "reviewed the trial transcript in its entirety and believes that Michel's counsel performed in an exemplary fashion throughout that proceeding. Without a showing of deficient performance, Michel's ineffectiveness claim fails."[81] Therefore, contrary to Michel's claims, Petition II was not denied solely on procedural grounds; he received a determination on the merits of his ineffective assistance of counsel claim, which would have independently disposed of his claim, even in the absence of any procedural defects. As such, this matter falls outside the holding in *Martinez*, which only recognized an excuse for a procedural default, but did not create a mechanism to re-raise claims that had already received a determination on their merits.[82] As Michel is challenging a prior court order that rendered a decision on the merits of his claims, the pending motion is considered successive and should be denied for Michel's failure to first receive permission from the circuit court before filing.[83]

In summary, while Louisiana jurisprudence indicates that Michel was not necessarily prevented from bringing his ineffective assistance of counsel claim on direct appeal, where he was entitled to an attorney, the Supreme Court's recent decision in *Trevino* suggests that the exception recognized in *Martinez* would still apply. Therefore, Petition I in the collateral 1985 Action may not

---

[80] *Id.* at pp. 6-8.

[81] *Id.* at p. 9 (citing *Strickland v. Washington*, 466 U.S. 668, 697 (1984)).

[82] *See Martinez*, 132 S.Ct. at 1320.

[83] 18 U.S.C. § 2244(b)(3)(A);  *Gonzalez*, 545 U.S. at 530-32.

have been Michel's first opportunity to raise this claim. If the 1985 Action, Michel's first federal collateral proceeding, was his first opportunity to raise his ineffective assistance of counsel claim, then he was entitled to counsel in the 1985 Action. Therefore, Michel would have a recognized excuse for failing to raise the ineffective assistance of counsel claim in Petition I.[84]

However, even if Michel had an excuse for his failure to raise ineffective assistance of counsel in Petition I, the court in the 1991 Action still considered the merits of Michel's ineffective assistance of counsel claim presented in Petition II, and found it to be without merit; therefore, this matter is distinguishable from *Martinez*, where the initial dismissal of Martinez's federal *habeas* petition was based solely on procedural grounds. A motion that seeks relief from a judgment which challenges the district court's ruling on the merits or raises a new ground for relief is considered successive, and requires permission from the circuit court before one may file.[85] Michel has never claimed that he has received such authorization. As such, Michel's request, now his third federal *habeas* petition, fails on this ground, even if he was unable to assert his ineffective assistance of counsel claim on direct appeal, and therefore had a recognized excuse for failing to raise that claim in Petition I, because the prior district court nevertheless decided Petition II, regarding ineffective assistance of counsel, on its merits. Accordingly, the Court will deny the pending motion.

---

[84] *Coleman*, 501 U.S. at 753-54.

[85] 28 U.S.C. 2244(b)(3)(A); *Gonzalez*, 545 U.S. at 530-32.

## IV. Conclusion

For the reasons stated above,

**IT IS HEREBY ORDERED** that Motion for Relief from Judgment[86] is **DENIED**.

New Orleans, Louisiana, this 24th day of June, 2013.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[86] Rec. Doc. 15. Michel has filed an identical motion in *Michel v. La. Dept. Corrections, et al.*, Civil Action No. 91-2426, Rec. Doc. 10, which the Court will likewise deny.

20